IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIA LISA DODD, | : Civil No. 1:26-CV-0588 |
| Plaintiff, | : |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| FRANK BISIGNANO, Commissioner of Social Security, | : |
| Defendant. | : |

MEMORANDUM OPINION

## I. Introduction

Demetria Dodd filed an application under Title II of the Social Security Act for disability insurance benefits on August 31, 2023. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that Dodd was not disabled from her alleged onset date of disability, February 1, 2021, through May 20, 2025, the date of the ALJ's decision.[1]

Dodd now appeals this decision, arguing that the ALJ's decision is not supported by substantial evidence. After a review of the record, and mindful of the fact that substantial evidence "means only—'such relevant

[1] Tr. 14-34.

evidence as a reasonable mind might accept as adequate to support a conclusion,'"[2] we conclude that substantial evidence supports the ALJ's findings in this case. Therefore, we will affirm the decision of the Commissioner denying this claim.

## II. Statement of Facts and of the Case

Dodd filed for disability insurance benefits, alleging disability due to post-traumatic stress disorder ("PTSD"), depression, attention deficit hyperactivity disorder ("ADHD") and bipolar disorder, as well as multiple physical impairments.[3] Dodd was 33 years old at the time of her alleged onset of disability, had at least a high school education, and had past work as a home health aide and nursery school attendant.[4]

An ALJ held a hearing on Dodd's disability application on October 24, 2024.[5] Dodd and a Vocational Expert ("VE") both appeared and

---

[2] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

[3] Tr. 87. We focus our discussion primarily on Dodd's mental health impairments, as her appeal argues that the ALJ's mental residual functional capacity assessment was not supported by substantial evidence.

[4] Tr. 26-27.

[5] Tr. 35-67.

testified at the hearing.[6] Following this hearing, on May 20, 2025, the ALJ issued a decision denying the plaintiff's application for disability benefits.[7] The ALJ first concluded that Dodd engaged in substantial gainful activity during the disability period, but that work represented an Unsuccessful Work Attempt ("UWA").[8] At Step 2 of the sequential analysis that governs disability claims, the ALJ found that the plaintiff suffered from severe mental impairments of depressive/bipolar disorder, anxiety disorder, and PTSD.[9] At Step 3, the ALJ concluded that none of these impairments met or equaled the severity of a listed impairment under the Commissioner's regulations.[10]

Between Steps 3 and 4, the ALJ then concluded that the plaintiff has the residual functional capacity ("RFC") to perform a range of work at all exertional levels and included a variety of limitations from her mental health impairments, such as simple tasks, no production pace work, occasional interaction with others, and few changes in a routine

---

[6] *Id.*
[7] Tr. 14-34.
[8] Tr. 20.
[9] *Id.*
[10] Tr. 21-23.

work setting.[11] The ALJ considered the medical records, opinion evidence, and the plaintiff's subjective symptoms.[12] Ultimately, the ALJ concluded that the plaintiff was not as limited as she alleged.

Having made these findings, the ALJ found at Step 4 that Dodd could not perform her past work but found at Step 5 that she could perform the occupations of a housekeeping cleaner, weight tester, and laundry folder.[13] Accordingly, the ALJ found that Dodd had not met the stringent standard prescribed for disability benefits and denied her claim.[14]

This appeal followed.[15] On appeal, Dodd argues that the ALJ erred in assessing her mental RFC where there was no medical opinion evidence in the record.[16] This case is fully briefed and is therefore ripe for resolution. For the reasons set forth below, we will affirm the decision of the Commissioner.

---

[11] Tr. 23.
[12] Tr. 23-27.
[13] Tr. 27-28.
[14] Tr. 29.
[15] Doc. 1.
[16] Doc. 13.

## III. Discussion

### A. Substantial Evidence Review and the Disability Determination Process

This Court's review of the Commissioner's decision to deny benefits is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.[17] Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18] Substantial evidence means less than a preponderance of the evidence but more than a mere scintilla.[19] The court must "scrutinize the record as a whole" to determine if the decision is supported by substantial evidence.[20]

---

[17] *See* 42 U.S.C. §405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012).

[18] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[19] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

[20] *Leslie v. Barnhart*, 304 F. Supp.2d 623, 627 (M.D. Pa. 2003).

When conducting this review, we must remain mindful that "we must not substitute our own judgment for that of the fact finder."[21] Instead, we must determine whether there is substantial evidence to support the ALJ's findings. In doing so, we must also determine whether the ALJ adequately articulated the reasons for his decision.[22] The ALJ is not required to use "magic" words, but rather must discuss the evidence and explain the reasoning behind his or her decision with more than just conclusory statements.[23] Ultimately, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests."[24]

To be eligible for benefits, a claimant must demonstrate that he or she has a severe physical or mental impairment that precludes him or her from engaging in previous work or "any other substantial gainful

---

[21] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014) (citing *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)).
[22] *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000).
[23] *See Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009) (citations omitted).
[24] *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).

work which exists in the national economy."[25] To receive benefits under Title II of the Social Security Act, a claimant must show that he or she is under retirement age, contributed to the insurance program, and became disabled prior to the date on which he or she was last insured.[26] In making a disability determination, the ALJ follows a five-step evaluation.[27] The ALJ must sequentially determine whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals a listed impairment; (4) is able to do his or her past relevant work; and (5) is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[28]

Between Steps 3 and 4, the ALJ must also determine the claimant's residual functional capacity ("RFC")—that is, "that which an individual is still able to do despite the limitations caused by his or her

[25] 42 U.S.C. §423(d)(2)(A); 42 U.S.C. §1382c(a)(3)(B); 20 C.F.R. §§404.1505(a), 416.905(a).
[26] 42 U.S.C. §423(a); 20 C.F.R. §404.131(a).
[27] 20 C.F.R. §§404.1520(a), 416.920(a).
[28] 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).

impairment(s)."[29] The ALJ must consider all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis.[30] Our review of the ALJ's determination of the plaintiff's RFC is deferential, and that determination will not be set aside if it is supported by substantial evidence.[31]

The claimant bears the burden at Steps 1 through 4 to show a medically determinable impairment that prevents him or her from engaging in any past relevant work.[32] If met, the burden then shifts to the Commissioner to show at Step 5 that there are jobs in significant numbers in the national economy that the claimant can perform consistent with the claimant's RFC, age, education, and work experience.[33]

---

[29] *Burnett*, 220 F.3d at 121 (citations omitted); *see also* 20 C.F.R. § 404.1545(a)(1).
[30] 20 C.F.R. §§404.1545(a)(2), 416.945(a)(2).
[31] *Burns v. Barnhart,* 312 F.3d 113, 129 (3d Cir. 2002).
[32] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).
[33] 20 C.F.R. §§404.1512(f), 416.912(f); *Mason*, 994 F.2d at 1064.

### B. Legal Benchmarks for the ALJ's Assessment of Medical Opinions

For applications filed after March of 2017, the regulations require ALJs to consider several factors to determine the persuasiveness of a medical opinion: supportability, consistency, relationship with the claimant, specialization, and other factors tending to support or contradict a medical opinion.[34] Supportability and consistency are the two most important factors, and an ALJ must explain how these factors were considered in his or her written decision.[35] Supportability means "[t]he more relevant the objective medical evidence and supporting explanations . . . are to support his or her medical opinion(s) . . . . the more persuasive the medical opinions . . . will be."[36] The consistency factor focuses on how consistent the opinion is "with the evidence from other medical sources and nonmedical sources."[37]

[34] 20 C.F.R. § 404.1520c(c).
[35] 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *Blackman v. Kijakazi*, 615 F. Supp. 3d 308, 316 (E.D. Pa. 2022).
[36] 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).
[37] 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

It is well settled that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations."[38] When confronted with several medical opinions, the ALJ can choose to credit certain opinions over others but "cannot reject evidence for no reason or for the wrong reason."[39] Further, the ALJ can credit parts of an opinion without giving credit to the whole opinion and may formulate a claimant's RFC based on different parts of different medical opinions, so long as the rationale behind the decision is adequately articulated.[40] On the other hand, in cases where no medical opinion credibly supports the claimant's allegations, "the proposition that an ALJ must always base his RFC on a medical opinion from a physician is misguided."[41]

### C. <u>The ALJ's Decision is Supported by Substantial Evidence.</u>

Our review of the ALJ's decision denying an application for benefits is deferential; we must simply determine whether the ALJ's decision is

---

[38] *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).
[39] *Mason*, 994 F.2d at 1066.
[40] *See Durden v. Colvin*, 191 F. Supp. 3d 429, 455 (M.D. Pa. 2016).
[41] *Cummings*, 129 F. Supp. 3d at 214–15.

supported by substantial evidence in the record.[42] Judged against this deferential standard, we conclude that substantial evidence supported the ALJ's decision in this case.

Dodd argues that the ALJ's mental RFC assessment is not supported by substantial evidence because it was not informed by any medical opinion.[43] Rather, she contends that the ALJ erroneously crafted the RFC based on his own lay interpretation of the medical evidence.[44] It is true that the record in this case contains no medical opinion evidence with respect to Dodd's mental health impairments, and the state agency consulting providers found that there was insufficient evidence to evaluate Dodd's claim.[45] But as we have explained, in cases where no medical opinion credibly supports the claimant's allegations, "the proposition that an ALJ must always base his RFC on a medical opinion from a physician is misguided."[46] This is particularly true in cases, such as this one, where the medical evidence concerning the plaintiff's mental

---

[42] *Biestek*, 139 S. Ct. at 1154.
[43] Doc. 13 at 9.
[44] *Id.*
[45] *See* Tr. 89-90, 96-97.
[46] *Cummings*, 129 F. Supp. 3d at 214–15.

health impairments is scant and contains mostly unremarkable examination findings with respect to her mental health.

The records the plaintiff relies on in her appeal encompass the period between August of 2023 and September of 2024.[47] These records from Dodd's behavioral health providers indicated Dodd reported past trauma and depressive symptoms, but her mental health conditions were stable on medication and mental status examinations were largely unremarkable apart from some reports of an anxious or depressed mood.[48] The ALJ cited these findings and others from earlier in the alleged disability period to conclude that Dodd's mental impairments were not as limiting as she alleged.[49] The ALJ noted that there were some abnormal findings in the record, such as a depressed and anxious mood at times, but that at other times, Dodd denied psychiatric symptoms, reported stability with medication, and was able to engage in

---

47 Doc. 13 at 2-3.
48 *See* Tr. 1090-91, 1096-98, 1100, 1103, 1105-06, 3094-95, 3097-98, 3100-01, 3104, 3107, 3109-10, 3112-13, 3115-16, 3118-19.
49 Tr. 24-27.

activities such as caring for her children, attending college classes online, and performing some work during the relevant period.[50]

Despite these relatively unremarkable records and examination findings, the ALJ accounted for various limitations from Dodd's mental health impairments in the RFC. As we have explained, the ALJ limited Dodd to simple, routine tasks with no production pace work, simple work-related decisions, occasional interaction with others, and few changes in a routine work setting.[51] The ALJ explained that while Dodd's impairments were not totally disabling, she did experience some limitations from her impairments, which he accounted for in the RFC.[52] Thus, we cannot conclude that the ALJ erred in crafting Dodd's RFC simply because the RFC was not based on a medical opinion.

In any event, any error in this regard would be harmless. Social Security appeals are subject to harmless error analysis, under which a remand is warranted only if the error "prejudices a party's 'substantial rights[,]'" meaning the error "likely affect[ed] the outcome of the

[50] Tr. 20, 24-27.
[51] Tr. 23.
[52] Tr. 25-26.

proceeding, . . ."[53] The plaintiff carries the burden of proving that an error was harmful.[54]

The plaintiff fails to show how any error in the ALJ's RFC analysis would have affected the outcome of the proceeding. She merely contends that "greater mental limitations could have resulted in a finding that Plaintiff was disabled."[55] In addition, she argues that the ALJ should have ordered a consultative examination to fill any evidentiary gaps in the record.[56] It is true that "ALJs have a duty to develop a full and fair record in social security cases[.]"[57] But this duty "does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision."[58] "The decision to order a consultative examination is within the sound discretion of the ALJ."[59]

---

[53] *See Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016); *Hyer v. Colvin*, 72 F. Supp. 3d 479, 494 (D. Del. 2014).
[54] *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).
[55] Doc. 13 at 9.
[56] *Id.*
[57] *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995).
[58] *Thompson v. Halter*, 45 F. App'x 146, 149 (3d Cir. 2002).
[59] *Id.*

Here, the plaintiff's argument in this regard is entirely theoretical, in that she simply contends that because there was no opinion from a treating or examining physician, the record was incomplete and the ALJ's physical RFC was based on his own lay assessment. But as we have explained, Dodd fails to point to any evidence indicating that she was more limited than the ALJ found. Ultimately, it is the plaintiff's burden "to develop the record regarding his or her disability because the claimant is in a better position to provide information about his or her own medical condition."[60] The plaintiff was represented at the administrative hearing, and counsel never requested a consultative examination in this case where the record contains over 3,000 pages. Accordingly, we cannot conclude that the ALJ erred by failing to order a consultative examination and further develop the record, particularly where the plaintiff fails to identify any evidence that she suffers from greater limitations than the ALJ found.

---

60 *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004) (citations omitted).

In sum, we find that the ALJ considered all the evidence and adequately explained the decision to include or discount certain limitations as established by the evidence. Accordingly, we find no error with the decision and conclude that substantial evidence supported the ALJ's evaluation of this case. As such, this decision will be affirmed.

## IV. Conclusion

For the foregoing reasons, the decision of the Commissioner in this case will be affirmed, and the plaintiff's appeal denied.

An appropriate order follows.

Submitted this 23rd day of November 2026.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge